# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT J. LAWN, individually :
and on behalf of all others :
similarly situated, :
:
        Plaintiff, : CIVIL ACTION
:
  v. : No. 10-cv-1196
:
ENHANCED SERVICE BILLING, INC., :
and INTERNET BUSINESS ADVISORS, :
INC., :
:
        Defendants. :

## ORDER

AND NOW, this 8th day of July, 2010, upon consideration of Defendant Enhanced Services Billing, Inc.'s ("ESBI") Motion to Dismiss Plaintiff's Complaint, or, in the Alternative, for Summary Judgment (Doc. No. 11) and responses thereto, it is hereby ORDERED that Counts I and III are DISMISSED as to Defendant ESBI[1] and that the Motion is DENIED[2] in all other

---

[1] ESBI incorporates by reference all of the claims brought by Defendant IBA in its Motion to Dismiss. For the reasons contained in this Court's Memorandum addressing Defendant IBA's Motion to Dismiss, these claims will also be dismissed against Defendant ESBI.

[2] Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed if the plaintiff has failed to state a claim on which relief can be granted. In evaluating a motion to dismiss, the court must take all well-pleaded factual allegations as true, but it is not required to blindly accept "a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 283 (1986); Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Although a plaintiff is not required to plead detailed factual allegations, the complaint must include enough facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).
    In addition to the claims raised by IBA in its Motion to Dismiss, ESBI raises an additional argument to dismiss Counts II and IV. ESBI contends that Plaintiff has no right to assert a claim based on an alleged violation of the Federal Trade Commission Act ("FTCA"). However, Plaintiff's Complaint does not rely on this act. Instead, Plaintiff merely briefly mentions the FTCA to provide additional support for his case; thus, Defendant's argument does not provide grounds for dismissing Plaintiff's claim brought under the UTPCPL.

respects.

BY THE COURT:

s/J. Curtis Joyner
_____ J. CURTIS JOYNER, J.

---

Furthermore, Plaintiff contends that ESBI's practice of crediting its customer's accounts in certain situations is essentially an admission of wrongdoing. In its Motion to Dismiss, ESBI vigorously defends this practice as an exercise in excellent customer service. At the motion to dismiss stage, however, it is immaterial whether this practice is an indication of deception or simply exemplary customer service. Plaintiff has stated a claim under the UTPCPL without relying on any inference of admitted guilt, therefore, we also decline to dismiss Count II against ESBI on this ground.